Christopher Burke appearing for Appellant, Natalie Winslow appearing for Apley's New Res LLC and Federal National Mortgage Association, and Ramir Hernandez appearing for Apley Bank of America. All right. Before we get started on this one, a couple of housekeeping points. Mr. Burke, you filed on the literal eve of argument a request for additional authority. While it is new, it is not so new that the eve of argument was the first time you could have filed it. So we are not going to take argument on that document today. We will consider it after the hearing today. If we deem it sufficiently relevant and important to the argument, we will provide the other opportunity to respond to it, and we may, at our discretion, allow additional oral argument. But we don't want to hear about it because they haven't had a full and fair opportunity to review it. Neither have we. So with that, another question for Ms. Winslow and Mr. Hernandez. How are you splitting your time? Your Honor, I will be doing the argument today unless the judges have a specific question related to Bank of America. If you do, then Mr. Hernandez will answer those questions. All right. Well, that certainly makes it easy for us. He just needs to anticipate when the question is properly asked to him. So with that, Mr. Burke, you may commence. Thank you. Good morning. May it please the Court, Christopher Burke for the appellant. I'm tempted to reserve 14 minutes for rebuttal, but I'll keep it at five. All right. Thank you. I think this falls under one of those cases that when you think you've seen it all and then you see a case like this, but simply stated, if the automatic stay applied to the district court case and there's no order granting retroactive relief from the stay, is there any legal doctrine or argument outside of 362B that would negate the stay? Our position is no, there isn't. Why don't we start drilling down right away? You really argued nothing else in your appellate brief other than the stay. So let's talk about the stay and let's make sure that the panel understands and everybody understands what the posture was of the district court action and what the court actually did. Let's start from there. Okay. So I'm tempted to ask you to give me a little summary of that, but is it accurate that that action was commenced by the former owner in a challenge to the sufficiency or legality of the foreclosure sale by which a predecessor to Senso ends up owning the property? That's at least how it starts, right? Yes. Okay. And then at some point, am I right that the predecessor to Senso answers and counter claims that, hey, by the way, that foreclosure sale eliminated a lien. Is that accurate? Yes. Okay. If we start with a one, how, what is it about what the district court did that was in furtherance of an action against the debtor? It determined whether there was a lien against property of the estate. Who raised that issue? Did somebody other than the debtor raise that issue? Where at? At the district court. The original owner, but Senso's predecessor filed- But wait, did the original owner say, hey, wait a minute, I want the house back and I want no lien in favor of this back? No. This was a part of a counter claim. No, I understand. What I'm trying to figure out is I think what, when we drill down into the stay, I think there's a distinction between an action that is, you know, against the debtor, which clearly the original action was, the sale was wrongful and that's been adjudicated. But it was the debtor who came back and said, well, wait a minute, not only was the sale not wrongful, but even better, I get a house without a lien. So I mean, isn't that the debtor's action? And if so, how does that fit under A-1? Because the ruling of the court determined there was a lien against property to the state under- Well, we'll get to that in a second. I mean, that's a, that's a sort of a Fulton question, but we'll get to that in a second. But am I right, initially, that this is the debtor's action that was determined by the state court? I'm sorry, by the district court? Yes. Well, then how does, I mean, tell me how A-1 applies under those circumstances? Well, I would say 362A-3. Well, we'll get there. Okay. But A-1 doesn't apply, it sounds like. How are you conceding A-1 does not apply? Let me just cut to the chase. It's the continuation of an action. No. Well, not, no, it's a, but it's the debtor's action is my point. I mean, if you're willing to agree A-1 doesn't apply, I'm delighted to get to A-3. Well, I see you don't believe A-1 applies, but there are- Well, tell me why it does. Because there were other people putting in to who owned the estate, including the original owner. Okay, let's let, maybe we should just move on to A-3. Okay. So under A-3, it's an attempt to control property of the estate. Can I, let me, let me just give you a frame of this. You don't have to agree with it, but just react to this, okay? Sure. I mean, I will say with enormous affection, we're all bankruptcy nerds here, and everybody's Fulton, right? So, I mean, isn't Fulton, I mean, isn't the frame the Supreme Court used for A-3 under Fulton? I mean, doesn't that give us a different way of looking at this? I mean, what was the status quo? The status quo was, there was a lien in favor of this bank. The debtor doesn't want there to be one. So it had every right to ask the district court to say, tell me there's no lien here, but it's the debtor that's upsetting the status quo, isn't it? Or have I got that wrong? I don't know if I'd use the word status quo, but with Fulton, Chicago, the city of Chicago just sat on the cause. Here the court moved forward and made a determination as to whether or not that lien applied. Right, but it was the, I mean, unless the lien had been expunged, and I don't think it had. I mean, the debtor raised arguments that, or the debtor's predecessor raised arguments the district court didn't happen to agree with, but they certainly have a right to raise arguments, but they were the instigators, right? I mean, this was not the bank coming in and saying, look, my lien's been expunged. I want it back, right? True. Okay, so how does that fit under the Fulton, you know, preserving the status quo can't violate the state. How is that a problem under Fulton? Again, I would just go back to, it was the determination on the property of the estate. And then I know you said you want to go to the lien later, but whether there was a lien against property. No, no, no. Do it. I mean, I'm sorry. Go ahead. I'm not trying to constrict your argument. You go ahead. The point is it was property of the estate and the decision had an effect on that property of the estate and whether a lien attached or not. But that's, I mean, what part of 362A says you can't have an effect on property of the estate? Well, I go back to 362A3 and A4. But A3 talks about acts to control or exercise control, right? So, I mean, how is the debtor's action to try to expunge a lien, which turns out to be unsuccessful? How does that fall under A3, the way the Supreme Court's interpreting it after Fulton? I'm not sure I can change your mind on that. Well, no, but listen, if you think I'm missing something or there's another way to look at it, I'm all ears because, I mean, this is the issue and you've raised this issue. And I'm going to tell you now that, look, you're right as far as this goes. What Schwarz tells us is void is void. So if you're right about this, you know, void is void. It's not voidable. It didn't happen. So it's a big deal. So I'm not trying to cut you off, but I'm trying to fit this into fairly precise language in 362A and I'm having a problem doing it. So if you want to move on to create or perfect the lien, I'm happy to do that too. Well, if we can move on to create or perfect the lien. OK, can I can I can I can I jump in before we do that? Because I heard something you said before, Mr. Burke, and you said the court entered the order. Are you saying that the court is basically the party that committed the act, the post petition act that, in your view, violated the automatic stay, the district court, that is? Well, the act of entering the order violated the state and it was post petition and the property was listed. And I understand Judge Lafferty doesn't. Sees it one way that Senso or its predecessor was bringing this, but Senso was part of a counterclaim. It was the original homeowner who brought it. And then other. So you would say that the fact that it's a counterclaim is the dispositive fact, the fact that it was initiated, not that the the complaint original was filed by a non-debtor takes us out of the analysis that I think Judge Lafferty is suggesting. Yes. It wasn't just the debtor initiating everything. But but I think we can agree that Penn Gilly was not arguing that there's no lead, right? And Gilly was arguing the sale was wrong. Right. Right. So the issue of the lien doesn't come up until the debtor says, hey, here's another. Hey, here's a really great thing. I don't know. There's no lien anymore. So that that was totally the debtor's impetus, right? Right. The declaratory lien in quiet title. Sure. Got it. Got it. OK. OK. And along that line, if you agree the stay was violated, then the order dismissing which based its decision on the U.S. District Court case needs to be reversed. In the alternative, I also said leave to amend should have been granted. Can we go back to create or enforce a lien to make sure we've got all the arguments accounted for? Sure. Basically, it was a determination whether there was a lien by the first mortgage on this property. And I believe that falls under 362 A4 and possibly A5. Well, let me let me ask you this. I mean, if the lien had been expunged and the argument was I want it back and the court had said, yeah, that's the right answer. I would I would be more sympathetic. But the status quo is there's a lien, right? And it's the debtor trying to to to basically get rid of it. So where's the creation element of this? Well, it's not just creation, it's perfection. Where's the perfection element of this? The decision by the court. But what what is it about that that perfects the lien? It allowed it to remain what it is, perfection, the same thing as allowing it to remain. Well, I have to argue that in this case. OK, now I understand. OK, thank you. And with that, unless there's more questions, I'll reserve my time for rebuttal. All right. Thank you very much.  All right, Miss Winslow. Morning, Your Honor. Since it raises two issues on appeal, one being whether the bankruptcy court should have dismissed the amended complaint on race judicata grounds and two being whether the bankruptcy court abused its discretion when it did not grant leave to amend the amended complaint, what since I'm not even sure I'm not even sure that's right. I mean, the thrust of the argument here is everybody missed the stay issue. I mean, I'm not even sure there was much of an argument about the preclusive effect. I agree with you, Your Honor. I I think that what since I was arguing, though, is that because the district court order was void, the bankruptcy court could not consider it for race judicata purposes because it wasn't. I think that's right. OK. What since I did not appeal, though, was that portion of the bankruptcy court's order that since on the merits failed to state a claim showing that the deed of trust was invalid. This court, as a result, doesn't even need to get to since those first issue regarding race judicata and automatic stay voidness because the bankruptcy court appropriate because there's no dispute that the amended complaint failed to state a claim under 12B6 and bankruptcy rule 7012B. But can we excuse me? Sorry, Judge Shelley, you're going to say what I'm saying. Well, I was just going to say, so are you saying that assume that the district court judgment, we don't even have to consider it. You still win. That's right, Your Honor.  So the reason that the district court didn't have to complain in the adversary was that the deed of trust was void for two reasons, one being that the street address was improper and two being that the legal description was improper. And what the district, I'm sorry, what the bankruptcy court said was, well, that's not enough to void a lien. You look at the grantor grantee index to see if there is a deed of trust recorded against the property. The scrivener's error in the in the street address has has no legal significance as to whether Fannie Mae's lien remained against the property. But agreeing with all that, isn't Mr. Burke right that the basis for the bankruptcy court saying I'm not going to let you amend was the preclusive effect of the district court judgment? Wasn't that precisely what the court? So if he's right about the preclusive effect, I mean, isn't he right that maybe an amendment would have been appropriate? Disagreeable. Disagree, your honor. I think with what I've just said, we can dispose of issue number one with respect to issue number two, leave to amend since initially as a starting point, at no time requested leave to amend in the bankruptcy court or explain to the bankruptcy court how it could plausibly amend the complaint with additional facts to survive a motion to amend. And so says at page 17 that it is, quote, not asking this panel to evaluate possible amendments or whether any such amendments would be legally sufficient. And that representation in this appeal is fatal to its issue number two. But if we go back, if we go back to kind of first principles, I mean, there's a fairly liberal allowance for amendment, right? You agree with that? Of course. Indeed. Do you think that Mr. Burke has mischaracterized what the what the bankruptcy court did and relying on the fact is the the primary reason why amendment wouldn't be allowed here? So that's exactly what the bankruptcy court. OK, so all I'm saying is if we if we agree with Mr. Burke that there shouldn't have been preclusive effect, then doesn't that suggest there should be some amendment? Disagree, your honor, because this court can affirm on any basis supported by the record. And that would that go to the amendment question? I think so, your honor, I think that this court can find that that amendment is futile because since it hasn't articulated in the bankruptcy court or here on appeal, any sort of allegation that might save census claims. And the Ninth Circuit has said over and over again in decisions that in the case where a party does not does not ask for a legal amend and the underlying action raises the what allegations it could make in the underlying court to survive a motion to dismiss that the court can appropriately affirm that amendment was futile. And so based on that, your honor, I think that this court doesn't even need to get to any of the issues in census briefing. But to the extent that we want to get there, as we put in our answering brief, there are a number of things that preclude CINSO from doing what it's trying to do. First and foremost, we have a waiver. CINSO waived this new issue on appeal that the district court order was void. Can I just just address this? OK, what Schwartz tells us is that a violation of the state is void. It's not voidable. It's void. That's the end of it. Right. If that's the case, number one, why is waiver a relevant concept? And number two, why should we even if it were, why would it be for us to decide that? As opposed to the top one. Your honor, I think that CINSO is mixing up two different concepts. What CINSO says in this reply brief is that a debtor cannot waive the automatic stay that that the district court order was void. And that may be true. But here we have a legal proceeding where a debtor failed to make a waiver for the first time. And there is case law that says, in fact, this this bankruptcy appellate panel has said in cases in Bakersfield 226, BR 227, similar circumstances where the panel would not consider an appellant's argument that the at issue adversary complaint was void ab initio because it was violated because it was filed in violation of the automatic stay because that issue was not raised for the first time on appeal. That's a 1998 case that came out after in Ray Schwartz in 1992. So I do think based on appellant precedent, this court's prior prior rulings that that waiver is something that this court can consider as a legal doctrine. Well, I'm sorry. Let me let me defer to my colleagues. Somebody was about to ask a question. OK, well, I certainly I'm sure we'll consider that, but I mean, isn't the point of making a stay violation void that nobody has to do anything about it? It's not to the debtor to I mean, void means it simply never happened. It doesn't that isn't the point of that to take the burden off the debtor to have to argue every time somebody decides I'm just going to violate the stay because I don't like it. I'm trying to square that with the notion of it's it's void. Yes, your honor. Well, you still have a district court order out there that makes a ruling and some party has to do something about that. So I think the debtor does have to raise the issue that the the district court order was void. Otherwise, we have a district court order that says what it says that they may survive the H.O.A. foreclosure sale. That's the order of the court. Um, your honor, I know that you spent a lot of time talking about the bankruptcy stay under 362A. I'm happy to discuss the other legal doctrines. I think that judicial estoppel particularly applies here. But I think that's that's brief very well in our answering brief. So I would like to ask you whether whether doctrinally there's a reason why estoppel applies differently than waiver might. I mean, you've heard some skepticism from me, at least about if the action is void, why waiver matters. Is there a reason why estoppel is analyzed differently? I think it's the same analysis, your honor. OK, so even if we want to look at even if we're saying these equitable principles of waiver, judicial estoppel, the other things that we put in our answering brief, those don't apply here for any of the reasons that your honor was skeptical about. We still don't have a stay violation under any of the subsections of 362 that Mr. Burke raised in its opening brief. When you look first at 362A1, the district court order was not a continuance of the continuance of a judicial proceeding against the debtor. First of all, the debtor wasn't even a party to that judicial proceeding. And several courts have interpreted 362A1 as being an. And I'm sorry, I mean, what was the predecessor of the debtor a party? Yes, your honor, the predecessor of the debtor was a party. It was. Is there any is there any difference in the interest of that predecessor of this debtor? In the property? No, your honor. No, your honor. How about how about the argument from Mr. Burke that this is this is this just isn't the same analysis because the debtor was filing a counterclaim? Now, I'm not sure it was compulsory or not, but Mr. Burke's thesis seems to be, look, if this was begun by somebody else, whatever is included in that kind of comes, you know, it has the same origin. So how would you respond to that? A couple of points, your honor. My shell points predecessor, Ditek, was the party in the litigation. Ditek didn't even become a party to the litigation until since his predecessor, K. Aloha, brought that entity into the litigation and then asserted these quiet title debt relief claims against against Ditek. It because the action by Pangelli didn't require Ditek's presence. Right. Is what you said. No. And in fact, your honor, it goes even further than that, because in actuality, an action to reaffirm Fannie Mae's lien or to declare that Fannie Mae's lien still remained against the property was never required. There's been a lot of Nevada state law on this and law from the Ninth Circuit, especially where you have a lien that is owned by Fannie Mae at the time of the Nevada HOA foreclosure sale under NRS 116. The federal foreclosure bar under the federal statutes trumps NRS 116, which means that as a matter of law, at the time that HOA foreclosure sale occurred in 2013, it had no effect on Fannie Mae's lien whatsoever. Fannie Mae's lien just continued. So it was incumbent on Senso's predecessor that to the extent that it wanted to extinguish that lien, that it had to bring an action against Fannie Mae. Otherwise, the lien just survived. And that kind of touches on why Mr. Burke's 362A, 3, 4 and 5 arguments don't work, because the district court's order, which merely said, well, the district court order said that the HOA foreclosure sale did not extinguish Fannie Mae's lien. And that order, through that order, there was no exercise of control over the property. No lien was created, perfected or enforced. And that's because in addition to what I just said, the deed of trust was placed against the property in 2010 before the bankruptcy. The HOA foreclosure sale occurred in 2013 before the bankruptcy. The district court's order just confirmed what should have already been obvious, given Fannie Mae's ownership of the lien, that the 2013 foreclosure sale did not extinguish the deed of trust. And, Your Honor, that's all I have on 362A, 1, 3, 4 and 5, unless you guys have questions about applicability of 362. Do you have any other questions for the panel on that point? No, no. And, Your Honor, unless you have any other questions about the equitable doctrines that we put in their answering brief, then we would just submit. Any further questions? Thank you. All right, Mr. Burke, you have. About four minutes, a little less than four minutes for rebuttal. Thank you. In looking at the district court order, it says Pengele sought quiet title and declaratory relief that the HOA foreclosure sale that was conducted was unlawful. So, Pengele was trying to also figure out or argue against quiet title and declaratory relief grounds. It wasn't just Senso or Senso's predecessor that was doing it. Going back to the argument that Judge Lafferty, you seem to be stuck on the status quo and understandable. I wouldn't say I'm stuck on it. I'm saying I'm asking you to react to it. OK. Yeah. Yeah. Maybe stuck wasn't the best word, but I understand. With Fulton. Poor choice of verb. Not the first time for me. Look, if the worst thing anybody ever says is I get stuck on what the Supreme Court says, I'll die in peace. OK? So it seems that the idea is if the lien was there, whether it was recorded and anybody knew about it. It's not it doesn't violate the status quo, but all of a sudden pops its head up and say, hey, I'm here, I've been here the whole time. And I'm not sure I would agree that that's maintaining the status quo if it's not known at the outset. All there was was the HOA foreclosed. And Senso's predecessor bought it from the HOA. And that's all they thought there was. It was years later before Fannie Mae popped its head up and maybe the lien was always there because of the federal foreclosure bar. But I would argue that's not maintaining the status quo, it's popping its head in at the last minute. Well, let me let me ask you this, when and if you don't know the answer, I'll tell you, I don't know it either. Exactly. In the district court action, when the guys don't remember it, I know I looked at the counterclaim, but was the essence of the counterclaim that, hey, this lien has been expunged and we just want that, you know, we want that to be confirmed, or was it that the lien should be expunged because, you know, of these wonderful theories? Well, in the district court decision, it says. That Kealoha, let's see, Kealoha argued summary judgment is not warranted because at the time of the HOA sale, the publicly recorded document showed DITAC is the beneficiary of the deed of trust and NRS 111 presents prevents an unrecorded interest from being asserted against it and that the federal foreclosure bar does not apply to a bona fide purchaser. And in looking at its two causes of action, quiet title and declaratory relief. Yeah, it's not spelled out well. Yeah, I agree it wasn't.  Yeah, those causes of action are fairly weak. OK, well, well, well, that's but I think that's a good place to look. Yeah, and having said that, I would argue still that the stay was in effect, the decision was void and therefore the lawsuit shouldn't have been dismissed or leave to amend should have been granted. Thank you. Thank you. All right. Thank you. This will be deemed submitted. And again, we reserve our right upon review of the additional material submitted to reopen the matter to allow the appellees an opportunity to respond to the new authority if we deem that appropriate. Thank you very much.
judges: TAYLOR, FARIS, LAFFERTY